502 S.E.2d 445

**Christie D. TRECOST, Plaintiff Below, Appellee,**

v.

**Patsy Samuel TRECOST, II, Defendant Below, Appellant.**

No. 24507.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 18, 1998.

Decided April 3, 1998.

Jerald E. Jones, West & Jones, and Delby B. Pool, Clarksburg, for Appellant.

Fonda L. Holehouse, Morgantown, for Appellant.

## PER CURIAM.[1]

This appeal arises from a divorce case pending in the Circuit Court of Harrison County, West Virginia. The Appellant, Patsy Samuel Trecost, II, challenges his conviction of criminal contempt for willful violation of an order relating to conditions of visitation with the infant child of the Appellant and the Appellee, Christie D. Trecost. The Appellant raises several issues,[2] the central issue being the propriety of permitting a party's private counsel in a civil proceeding to prosecute a charge of indirect criminal contempt arising from that proceeding. We conclude that the circuit court erred in permitting the Appellant to be prosecuted by the Appellee's private attorney. Accordingly, we reverse.

### I.

On August 7, 1996, a family law master conducted a hearing as a part of a divorce proceeding involving the parties to this appeal. At the hearing, the family law master verbally ordered that during the periods designated for the father's visitation of the parties' infant child, the mother was to have access to the child for the purpose of breast-feeding, and she was to be allowed to perform such breast-feeding in private. Subsequent to the hearing, counsel for the Appel-

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

2. No brief was filed with this Court on behalf of the Appellee.

lee prepared a written order which was signed by the family law master on August 16, 1996,[3] and received by the circuit clerk's office on August 19, 1996. The written ordered stated, *inter alia*, that "[s]hould the plaintiff breast-feed the child at the residence of the defendant, the defendant shall allow the plaintiff to do so privately and shall in no way attempt to audiotape or videotape said breast-feeding by the plaintiff." [4]

On August 25, 1996, while at the Appellant's home for the purpose of breast-feeding the infant, the Appellee noticed a camera that was concealed in a heating vent. The Appellee returned to the Appellant's home to breast-feed the infant on August 26, 1996, at which time she observed the camera again and proceeded to remove it from the heating vent. Thereafter, having come to the conclusion that the Appellant had violated the family law master's decree that she be afforded privacy while breast-feeding, the Appellee filed a petition with the circuit court pursuant to W.Va.Code § 48-2-22 (1998).[5] The petition alleged that the Appellant was in contempt[6] for placing the camera in the heating vent.

On November 21, 1996, a hearing on the Appellee's petition was held before the circuit court. At the commencement of the hearing, the Appellee elected to proceed in criminal contempt, and the Appellant agreed to proceed without a jury. It is uncontested that the Appellee's private counsel conducted the ensuing prosecution of the Appellant without any assistance from, or participation by, the prosecuting attorney.

Prior to the taking of evidence, the circuit judge informed counsel for the parties that he had reviewed the court file with respect to previous proceedings before the family law master, including the transcript of an August 29, 1996, hearing. The circuit court instructed counsel for the parties that no re-direct or re-cross examination would be permitted. The circuit court also refused to allow closing arguments.

During the hearing, the Appellant denied that he intentionally disobeyed the family law master's order,[7] apparently meaning that he had not willfully videotaped the Appellee in contravention of the family law master's decree. The Appellant also denied that the camera in question had ever been operational. The Appellant further testified that, while he was aware of the camera, he did not personally install it, and that the camera was purchased by his mother because the family suspected that the Appellee was lying about breast-feeding the parties' child. The Appellee produced no evidence that she had, in fact, been videotaped.

---

3. The family law master entered the order despite a refusal by the Appellant's counsel to approve it.

4. The Appellee and Appellant were the plaintiff and defendant below, respectively.

5. W.Va.Code § 48-2-22 provides in relevant part:

(a) Upon a verified petition for contempt, notice of hearing and hearing, if the petition alleges criminal contempt or the court informs the parties that the matter will be treated and tried as a criminal contempt, the matter shall be tried before a jury, unless the party charged with contempt shall knowingly and intelligently waive the right to a jury trial with the consent of the court and the other party. If the jury, or the court sitting without a jury, shall find the defendant in contempt for willfully failing to comply with an order of the court made pursuant to the provisions of this article, as charged in the petition, the court may find the person to be in criminal contempt and may commit such person to the county jail for a determinate period not to exceed six months.

(b) If trial is had under the provisions of subsection (a) of this section and the court elects to treat a finding of criminal contempt as a civil contempt, or if the petition alleges civil contempt and the matter is not tried before a jury and the court finds the defendant in contempt for willfully failing to comply with an order of the court made pursuant to the provisions of this article, and if the court further finds the person has the ability to purge himself of contempt, the court shall afford the contemnor a reasonable time and method whereby he may purge himself of contempt. If the contemnor fails or refuses to purge himself of contempt, the court may confine the contemnor to the county jail for an indeterminate period not to exceed six months or until such time as the contemnor has purged himself, whichever shall first occur.

6. According to the Appellant's brief, the petition did not indicate whether the alleged contempt was civil or criminal in nature.

7. It is unclear from the Appellant's brief whether this denial pertained to the family law master's verbal order on August 7, 1996, his written order, dated August 16, 1996, or both.

On December 20, 1996, the circuit judge, after considering the testimony adduced at the November 21, 1996, hearing, entered an order finding the Appellant to be guilty of criminal contempt, sentencing him to six months in the Harrison County Jail, and directing that he pay the sum of $500.00 to cover attorney's fees of the Appellee. In the same order, the judge suspended the jail sentence and, instead, placed the Appellant on probation for five years. On December 2, 1996, the Appellant filed a motion for a new trial, which the circuit court denied by order entered January 23, 1997. It is from the circuit court's December 20, 1996, order that the Appellant appeals to this Court.

## II.

▇ The principal issue presented by this appeal is whether a circuit court commits reversible error when it permits a private attorney representing a party in a civil proceeding to prosecute a charge of indirect criminal contempt arising from that proceeding. We resolve this issue in the affirmative for the reasons set forth below.

▇ "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a de novo standard of review." Syl. pt. 1, Chrystal R.M. v. Charlie A.L., 194 W.Va. 138, 459 S.E.2d 415 (1995). The issue identified above clearly presents a question of law. Thus, we apply a de novo standard of review.

▇ Before addressing the specific issue raised in this case, it is helpful to review pertinent aspects of this state's law of contempt. In State ex rel. Robinson v. Michael, 166 W.Va. 660, 276 S.E.2d 812 (1981), we identified the four classifications of contempt:

In addition to the distinction between civil and criminal contempts discussed in detail in this opinion it is also possible to distinguish between direct or indirect contempt. Conduct that occurs in the actual physical presence of the court which the judge actually sees or hears in its entirety may be treated as a direct contempt. Any conduct that may constitute contempt

which occurs entirely or partially outside of the actual physical presence of the court may only be treated as an indirect contempt. There are, therefore, four possible classifications of contempt: direct-criminal, indirect-criminal, direct-civil, and indirect-civil.[8]

276 S.E.2d at 820 n. 9.

▇ This Court recently explained the distinction between criminal and civil contempt in State ex rel. Lambert v. Stephens, 200 W.Va. 802, 490 S.E.2d 891 (1997), where we reiterated the principles set forth in State ex rel. Robinson v. Michael, supra:

In Robinson, we stated that we do not look at the contemptuous conduct to determine whether the contempt should be considered criminal or civil, because either type of contempt may be justified upon the same conduct. Rather, we said the classification of the contempt and the type of sanction imposed depend upon what purpose is being served by the sanction. If the purpose of imposing the sanction is to compel the contemner to comply with a court order to benefit the party bringing the contempt action, it is civil contempt. However, if the purpose of imposing the sanction "is to punish the contemner for an affront to the dignity or authority of the court, or to preserve or restore order in the court or respect for the court, the contempt is criminal." Syl. Pts. 1, 2, and 4, Robinson.

We further held in Robinson that, in civil contempt cases, an appropriate sanction is an order sentencing the contemner for an indefinite period of incarceration and specifying a reasonable way the contemner may purge the contempt in order to obtain his or her immediate release. Syl. Pt. 3, Robinson. Another appropriate sanction in civil contempt cases is an order requiring the contemner to pay a fine as a form of compensation or damages to the party aggrieved by the contemptuous conduct. Id. On the other hand, an appropriate sanction for criminal contempt "is an order sentencing the contemner to a defi-

---

8. We again recognized these classifications in State ex rel. Koppers Co. v. International Union of

Oil, Chemical and Atomic Workers, 171 W.Va. 290, 293, 298 S.E.2d 827, 829 (1982).

nite term of imprisonment or an order requiring the contemner to pay a fine in a determined amount." Syl. Pt. 4, *Robinson.* (FN8)

490 S.E.2d at 895–96.

`[11, 12] Specifically, with regard to the issue now before us, this Court stated in Syllabus Points 1 and 2 of *State ex rel. Koppers Co. v. International Union of Oil, Chemical and Atomic Workers,* 171 W.Va. 290, 298 S.E.2d 827 (1982):

> 1. Indirect criminal contemnors are entitled to the same rights as criminal defendants, including a right to be prosecuted by a state's attorney.

> 2. A party's private counsel is prohibited from replacing the prosecuting attorney whose duty it is to prosecute criminal contempt charges stemming from a civil suit; and it makes no difference whether such private lawyer is appointed special prosecutor.[9]

*Koppers* arose from a labor dispute in which the circuit judge issued a temporary injunction against mass picketing, traffic or business obstruction, and assaults. The appellants were among forty-nine individuals named in petitions for criminal contempt alleging violations of the injunction. The union's counsel moved unsuccessfully that the contempt cases be tried by the county prosecutor, and Koppers' lawyers asked to be appointed special prosecutors. The trial court permitted Koppers' counsel to prosecute, but did not formally designate them as special prosecutors. The issue on appeal was "should private lawyers representing a party that obtained an injunction prosecute criminal contempts arising from injunction violations?" We concluded that the appellants were denied due process of law when their criminal contempts were prosecuted by Koppers' lawyers. Consequently, we reversed and remanded to the circuit court.

■ In this case, the hearing before the circuit court below was an indirect criminal contempt proceeding in which the Appellee's private attorney was permitted to prosecute the Appellant. The state's attorney was not involved in the prosecution in any respect. By allowing the Appellee's lawyer to conduct the prosecution, the circuit court clearly violated the rules articulated in *Koppers, supra.* We have previously stated that "[t]he failure to follow proper contempt procedure is reversible error." *P.G. & H. Coal Co. v. International Union, United Mine Workers of America,* 182 W.Va. 569, 390 S.E.2d 551 (1988). Therefore, we conclude that the circuit court committed reversible error in allowing the Appellee's private lawyer to prosecute the criminal contempt.

■ While our holding obviates the need to decide the other points of error asserted by the Appellant, we note that the sanctions imposed in this case include the payment of $500.00 to cover attorney's fees incurred by the Appellee. Under *Robinson, supra,* "requiring the payment of a fine in the nature of compensation or damages to the party aggrieved by the failure of the contemnor to comply with the order" is a proper sanction in a civil contempt case, but not in a criminal contempt case. Syl. pts. 3 and 5, *Robinson.* Thus, we observe that requiring the Appellant to pay $500.00 toward the Appellee's legal fees was an improper sanction in this case. As we stated in *Robinson,* "[t]hat an act is punished as neither wholly civil nor altogether criminal reflects an impermissible confusion or combination of purpose on the part of the sanctioning court." 276 S.E.2d at 818. Therefore, we urge circuit courts to adhere to the precepts of *Robinson* in fashioning sanctions for civil and criminal contempt.

### III.

For the foregoing reasons, this Court finds that the circuit court erred in permitting the Appellee's private counsel to prosecute the charge of criminal contempt, and we reverse on that ground. This case is, therefore, re-

9. We noted in *Koppers,* citing *State v. Atkins,* 163 W.Va. 502, 261 S.E.2d 55 (1979), *cert. denied,* 445 U.S. 904, 100 S.Ct. 1081, 63 L.Ed.2d 320 (1980), that "[a] trial judge may use his discretion about whether to permit a party's counsel to act as a private prosecutor to assist the government prosecutor." *Koppers,* 171 W.Va. at 293–94, 298 S.E.2d at 830.

manded with directions to vacate the conviction and sentence.

Reversed and remanded with directions.